IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAWAME R. COE, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 07-3811 |
| SUPERINTENDENT, S.C.I., | : | |
| HUNTINGTON, et al., | : | |
|     Respondents. | : | |
| | : | |

-----------------------------------------------------------------------------------------------------------------------

**O R D E R**

AND NOW, this 23rd day of September, 2008, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 10), the Report and Recommendation of the Magistrate Judge (Doc. No. 14), Petitioner's Objections to the Report and Recommendation (Doc. No. 16), and all related submissions, it is hereby **ORDERED** and **DECREED**:

    1.    Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

    2.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

    3.    The Petition for a Writ of Habeas Corpus is **DENIED**; and

    4.    There is no basis for the issuance of a certificate of appealability.

The Clerk of the Court shall close this matter for statistical purposes.

## FACTUAL BACKGROUND

On March 29, 2000, Petitioner Kawame Coe was convicted of criminal homicide after a bench trial in the Lancaster County Common Pleas Court.  After conducting an evidentiary hearing, the court denied Coe's post-verdict motions on September 5, 2000.  Commonwealth v. Coe, No. 2189-1999 (Ct. Com. Pl. Lancaster Oct. 26, 2000) ("Direct Appeal Opinion").  On May 15, 2001, the Pennsylvania Superior Court affirmed Coe's judgment of sentence. Commonwealth v. Coe, No. 1683 MDA 2000 (Pa. Super. Ct. May 15, 2001).  On October 5, 2001, the Pennsylvania Supreme Court denied *allocatur*.  Commonwealth v. Coe, No. 425 MAL 2001 (Pa. Oct. 5, 2001).  On October 1, 2002, Coe filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act.  42 Pa. Con. Stat. § 9541.  On December 10, 2002, appointed counsel filed a second amended petition.  The trial court appointed new counsel, and a new amended counseled petition was filed on November 15, 2005.

After holding an evidentiary hearing, the PCRA Court denied Coe's petition on August 17, 2006.  Commonwealth v. Coe, No. 2189-1999 (Ct. Com. Pl. Lancaster Aug. 17, 2006) ("PCRA Opinion").  The Superior Court affirmed on May 8, 2007.  Commonwealth v. Coe, No. 1475 MDA 2006 (Pa. Super. Ct. May 8, 2007).  Coe did not seek *allocator*.

On April 16, 2007, Coe, acting *pro se*, sought habeas relief in the United States District Court for the Middle District of Pennsylvania.  28 U.S.C. § 2254.  On September 6, 2007, the case was transferred to this Court.  On July 31, 2008, the Magistrate Judge filed his Report, recommending that I deny Coe's Petition. (Doc. No. 14.)  Coe objected to the Report and Recommendation on August 8, 2008.  (Doc. No. 16.)

**STANDARD OF REVIEW**

The extent of my review of a Magistrate's report is committed entirely to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

**PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Coe primarily restates arguments that the Magistrate Judge considered and rejected.  To the extent he actually addresses the Report and Recommendation, his "objections" are extremely general.  Accordingly, I need not review *de novo* those portions of the Report and Recommendation to which these objections are apparently directed.  See Goney, 749 F.2d at 7 (*de novo* review not required where objections are "clearly general in nature").  Because Petitioner is proceeding *pro se*, however, I will construe his objections as liberally as I can, and review *de novo* those portions of the Report and Recommendation with which Petitioner apparently disagrees.

**I.      Trial Counsel's Failure to Call Alibi Witnesses**

Coe repeats his claim that trial counsel was ineffective for failing to call three alibi witnesses who allegedly would have testified that Coe was in their apartment at the time of the murder.  (Doc. No. 16, at 2-9.)  Coe particularly emphasizes trial counsel's failure to file a notice

of the alibi defense before trial.  As the Magistrate Judge found, however, the failure to file notice would not have prevented these witnesses from testifying because the prosecution was aware of the alibi defense and kept these witnesses available to the defense throughout trial.  (Doc. No. 14, at 6 n.2 (citing Post-Verdict Transcript at 98).)

The Magistrate Judge agreed with the trial court's conclusion that the failure to call these witnesses was trial counsel's deliberate, strategic decision.  (Id. at 9-10.)  The trial court accepted trial counsel's testimony that he did not call these witnesses for three persuasive reasons: (1) trial counsel believed the alibi defense had already been established; (2) the witnesses had motives to lie and other significant credibility issues (Coe was their drug supplier); and (3) their statements to police "evidenced a selective, intermittent and unclear memory of the events of that time" because the witnesses had ingested thousands of dollars of crack cocaine the day of the murder.  See Direct Appeal Opinion at 31-33; Post-Verdict Transcript at 100-109.  Coe does not challenge these findings or the trial court's determination that trial counsel's strategy was reasonable.  In these circumstances, I overrule his apparent objection to the Magistrate Judge's rejection of this issue.

## II. The Commonwealth's Alleged Failure to Disclose a Promise of Favorable Treatment Made to a Prosecution Witness

Coe also repeats his claim that the trial prosecutor violated Brady v. Maryland when he failed to disclose a promise ostensibly made by Detective Kiss to help secure Darryl Coleman's release from prison in New York in exchange for his testimony against Coe.  See Doc. No. 16, at 11; Brady v. Maryland, 373 U.S. 83 (1963).  The Magistrate Judge noted that it was a "close question" whether Detective Kiss reached an agreement with Coleman, but concluded it was not

unreasonable for the PCRA court to find that the Commonwealth had made no promise to Coleman in exchange for his testimony. (Doc. No. 14, at 17.) The PCRA court credited the denials of both the prosecutor and Detective Kiss that they had ever made such a promise. See PCRA Opinion at 31; Evidentiary Hearing Transcript at 17-18, 20-23.

Coe nonetheless asserts that the Magistrate Judge's determinations "are simply not factual," and that they do not "set forth the law on this instant subject matter." (Doc. No. 16, at 11.) These objections are meritless. The Magistrate Judge properly applied the law, and properly concluded that Coe did not rebut the state court's findings with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

### III.     Evidentiary Hearing

Coe also seeks an evidentiary hearing on both his ineffective assistance and his Brady claims. Coe has not alleged, however, that he was unable to develop the factual basis for these claims in state court. See 28 U.S.C. § 2254(e)(2). Accordingly, an evidentiary hearing is not warranted.

### CONCLUSION

Upon careful consideration of the Magistrate's thoughtful Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

AND IT IS SO ORDERED.

_____ s/ Paul S. Diamond

**Paul S. Diamond, J.**